**ALBRITTON DEVELOPMENT CO., Appellant,**

v.

**GLENDON INVESTMENTS, INC., et al, Appellees.**

No. 01–85–266–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 3, 1985.

Rehearing Denied Oct. 31, 1985.

Eric R. Cromartie, Hughes & Luce, Dallas, for appellant.

Patricia Hair, Crain, Caton, James & Womble, Houston, for appellees.

Before JACK SMITH, DUGGAN and HOYT, JJ.

## OPINION

HOYT, Justice.

This appeal arises from a summary judgment award of $38,153 arising out of a promissory note. In four points of error, appellant, Albritton Development Co., (ADC) challenges the trial court's refusal to consider parol evidence in a promissory note case when the contentions allege fraud in the inducement, failure of consideration, estoppel, and breach of contract. We affirm the judgment.

Contemporaneous with the purchase of a 42½ acre tract of land, ADC signed a note in the amount of $317,914.68 payable to Glendon Investments, Inc. and Bubco Investments, appellees. The note was given to evidence payment of a real estate commission owed Glendon and Bubco by ADC

on the 42½ acre tract of land. The terms of the note provided for two interest installments payable on October 1, 1983, and October 1, 1984. The principal was to be paid in two equal installments on October 1, 1985, and October 1, 1986, with any accrued interest. After ADC failed to make the October 1, 1983, interest payment, Glendon and Bubco commenced suit for that installment.

ADC contends that the note was signed because Glendon was to provide potential purchasers and because no payment would be due until Glendon provided ADC with them. It further contends that these representations are admissible as an exception to the parol evidence rule and, once admitted, a fact question is raised which bars summary judgment for the appellees.

■ It is well established that written instruments, including promissory notes, cannot be changed by evidence of a prior or contemporaneous oral agreement that contravenes the terms of the written instrument. *McPherson v. Johnson,* 436 S.W.2d 930, 932 (Tex.Civ.App.—Amarillo 1968, writ ref'd n.r.e.). An exception to this rule exists where a holder in due course sues the maker. However, where there is only a showing of a representation to the maker, without a fraudulent scheme or trickery, a negotiable instrument which is clear and express in its terms cannot be varied by parol representations of a payee that a maker will not be liable. *Town North Nat. Bank v. Broaddus,* 569 S.W.2d 489, 491 (Tex.1978).

■ In the instant case, ADC's affidavit contains only an allegation that the payee represented that no payment would be due until a buyer was provided. The affidavit provides no details of a fraudulent scheme or trickery that accompanied the representation. Thus, ADC's response to the summary judgment evidence is insufficient to be an exception to the parol evidence rule. We overrule ADC's contention that there was fraud in the inducement.

ADC correctly sets forth the elements of equitable estoppel as adopted by the Supreme Court in *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 932 (1952). It contends that evidence of false promises forming the basis for estoppel is not barred by the parol evidence rule. To support this contention, ADC cites cases in which promises made subsequent to the signing of the agreement were held admissible. *See Chicago Fire & Marine Ins. Co. v. Herring,* 54 S.W.2d 236 (Tex.Civ.App.—Amarillo 1932, writ ref'd n.r.e.).

■ In this case, however, ADC's evidence shows that the promise was made *prior* to the signing of the note, and the note was legally sufficient. Parol evidence is not admissible when the promise is made prior to the signing of a note that is otherwise valid. *See Prince v. Miller Brewing Co.,* 434 S.W.2d 232, 240 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.); *Joseph v. Mahoney Corporation,* 367 S.W.2d 213, 215 (Tex.Civ.App.—Austin 1963, writ ref'd n.r.e.). ADC's equitable estoppel theory is overruled.

ADC next contends that there was a breach of contract, because the promise to provide a resale of the property was the consideration for the note and ADC is therefore permitted to introduce evidence to establish the consideration underlying the note. The promissory note stated in pertinent part: "This Note constitutes payment for brokerage services in connection with Maker's purchase of the property described on Exhibit 'A' (the 'Property')." To support its argument that the consideration for the note was the resale agreement, appellant totally relies on *Siegler v. Ginther,* 680 S.W.2d 886 (Tex.App.—Houston [1st Dist.] 1984, no writ).

In *Siegler,* the co-makers had an independent parol agreement (collateral agreement) regarding the manner in which the promissory note would be paid. The note was absolute in its terms and contained no special conditions on the payment obligation. *Siegler,* 680 S.W.2d at 889. The note had been paid in full, and the suit was based on the collateral agreement, not on the note. *Id.* at 888.

In this case, we find that the promise to provide purchasers for resale was a collateral agreement. The collateral agreement was between the maker and the payee; however, the note was unambiguous as to the consideration and the payment obligation. The collateral agreement was one which, if interpreted as consideration would vary the terms of the note. *Siegler* is not applicable here because in *Siegler* the note was paid in full prior to the commencement of a suit on the collateral agreement. A negotiable instrument cannot be varied or contradicted by the payee that the maker will not be liable on the obligation. *Town North Nat. Bank*, 569 S.W.2d at 491. We overrule appellant's contention that parol evidence is admissible to show breach of a collateral agreement.

Finally, ADC argues that parol evidence is admissible to show a failure of consideration. To support this point of error, appellant cites *Taylor v. Fred Clark Felt Co.*, 567 S.W.2d 863 (Tex.Civ.App.— Houston [1st Dist.] 1978, writ ref'd n.r.e.). There was no question in *Taylor* that delivery of the goods was the consideration. In the instant case, ADC contends that the brokerage service stated in the instrument refers to providing a resale of the property. We find that the promise to provide purchasers for resale was a collateral agreement and cannot act as consideration for the note obligation. Furthermore, the note clearly states that it represents payment for brokerage services performed contemporaneous with ADC's purchase of the land.

Although there is a rebuttable statutory presumption that a written instrument imports consideration, *Taylor*, 567 S.W.2d at 867 courts must, first and foremost, give effect to the intentions of the parties as expressed in the instrument. *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex.1980). Parol evidence is admissible to show failure of consideration given for an instrument where there is simply a recital of consideration. *De Luca v. Munzel*, 673 S.W.2d 373, 376 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). We hold that the summary judgment was proper because the instrument was unambiguous and recited its true consideration.

The judgment of the trial court is affirmed.