Larry **RINCONES**, et al., Appellants,

v.

**Thomas J. WINDBERG, d/b/a, Thomas J. Windberg and Associates, Appellee.**

No. 14401.

Court of Appeals of Texas,
Austin.

March 5, 1986.

Thomas L. Kolker, Greenstein & Kolker, Austin, for appellants.

Charles M. Hineman, Austin, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

SHANNON, Chief Justice.

Appellants Larry Rincones and Manuel Mena sued appellee Thomas J. Windberg d/b/a Thomas J. Windberg and Associates for breach of contract. After trial to the court, the Travis County Court at Law rendered judgment that appellants take nothing. This Court will reverse the judgment.

Appellants' principal complaint is that the trial court erred in considering evidence of an oral agreement to alter and contradict the terms of a written contract.

Appellants pleaded that they entered into an agreement with appellee "to compile, research and edit material for academic and student services for a migrant program handbook." Appellants alleged further that they completed the work contemplated by the agreement, but that appellee refused to pay them.

Appellee defended the suit pleading that the agreement was contingent upon funding from the State of California, and because the State refused to fund the undertaking, the agreement was of no force and effect.

Appellants Rincones and Mena each entered into a written "Consultant Agreement" with Thomas Windberg to prepare certain chapters of an educational handbook. The Consultant Agreements recited that Rincones and Mena were to receive $1250 each for rough drafts of their respective chapters. These written agreements were dated May 12, 1981, and were signed by the respective parties. The educational handbook was ultimately to be used by California authorities, and the funds to pay Rincones and Mena would come from the State of California. Appellee testified that the parties orally agreed and understood that appellants would be paid the fee only if the publication were accepted and funded by California. The "Consultant Agreements" make no mention of a contingency regarding funding from California. There was also evidence of certain extraneous oral statements between appellee, his associate Jacqueline Hardy, Rincones, and Mena concerning the work on the educational handbook.

Appellants submitted drafts of their work, but appellee refused to pay because the publication was not accepted by California and no funding was available for the project.

Upon request, the court filed findings of fact and conclusions of law. The court found that the contract between the parties was partly oral and partly written; the contract was contingent upon the State of California funding the project; and the State of California refused to fund the project. The trial court concluded that because a "condition precedent" had not been met, the agreement was of no further force and effect, and appellee was not indebted in any sum to appellants.

■ Upon establishment of the existence of a writing intended as a completed memorial of a legal transaction, the parol evidence rule denies efficacy to any prior or contemporaneous expressions of the parties relating to the same subject-matter as that to which the written memorial relates. 2 Ray, Texas Law of Evidence, § 1601 (3rd ed. 1980).

■ It is settled that parol evidence of a condition precedent to a contract is admissible. The effect of such a condition "is not to vary the terms of a binding instrument, but merely, as a condition precedent, to postpone the effective date of the instrument until the happening of a contingency...." *Baker v. Baker*, 143 Tex. 191, 183 S.W.2d 724, 728 (1944). "Parol evidence is always competent to show the nonexistence of a contract or the conditions upon which it may become effective." *Id.* "[I]t may be shown by parol testimony that an ordinary written instrument was executed under an agreement that it was not to become effective except upon certain conditions or

contingencies." *Id.* See also *Holt v. Gordon,* 174 S.W. 1097 (Tex.1915).

Resolution of this appeal hinges on the trial court's determination that California's funding of the project was a condition precedent to the parties' agreement. If it were a condition precedent, then the court did not err in giving effect to the oral proof concerning funding and the judgment should be affirmed.

■ The meaning of "condition precedent" in Texas jurisprudence is less than clear. See *Hohenberg Bros. v. George E. Gibbons & Co.,* 537 S.W.2d 1 (Tex.1976), *Perry v. Little,* 377 S.W.2d 765 (Tex.Civ. App.1964, writ ref'd n.r.e.). For purposes of the parol evidence rule, however, we think the definition from *Baker v. Baker, supra,* correctly states that a condition precedent is a condition which "postpone[s] the effective date of the instrument until the happening of a contingency." Black's Law Dictionary restates the definition of condition precedent as a condition "to be performed before the agreement becomes effective, and which calls for the happening of some event or the performance of some act after the terms of the contract have been agreed on, before the contract shall be binding on the parties." Black's Law Dictionary (4th ed.) at 366. By way of contrast, a condition subsequent is "a condition referring to a future event, upon the happening of which the obligation becomes no longer binding upon the other party, if he chooses to avail himself of the condition." *Id.* Some opinions, such as *Hohenberg Bros, supra,* seem to lump these two definitions together as two types of conditions precedent, and do not distinguish conditions precedent from conditions subsequent. For the purposes of parol evidence analysis, however, we believe a condition precedent is one to be performed before the agreement becomes effective. A condition which excuses an already binding obligation is a condition subsequent, not a condition precedent. Parol evidence of a condition subsequent would not be admissible to vary or contradict the terms of a valid and binding written agreement.

We observe that although the trial court found that funding from California was a condition precedent to the contract, it also found that "On or about May 12, 1981, Plaintiffs entered into a contract with Defendant; said contract was partially in writing and partially oral." Although a finding that a contract was "entered into" seems inconsistent with a finding of an unfulfilled condition precedent, appellants assigned no error to such inconsistency and we need not consider it.

We now examine the record in an effort to determine whether the evidence supports the court's conclusion that funding from California was a condition precedent to the contract, or whether, to the contrary, the evidence shows an already effective and binding contract subject to a condition subsequent. The admissibility of the parol evidence turns on whether the contract was binding and effective from its inception, or whether it would become binding and effective only upon the occurrence of the contingency.

The evidence shows that all parties devoted substantial amounts of time and money attempting to perform their obligations under the Consultant Agreements. Appellants prepared and submitted a first draft of their manuscript, which Hardy took to California for revisions and recommendations. Thereafter, appellants worked on revisions and submitted a second draft for approval. Hardy, meanwhile, made several trips to California and spent $4000 of her own money attempting to gain approval and receive funding from California. All parties initially thought approval and funding for the project was certain, and performed under the contract accordingly. Only after several months had passed did they learn that political changes in California had placed their funding in jeopardy.

■ In our opinion the evidence shows that the parties understood that they had a binding and effective contract, and per-

formed accordingly. The evidence is not consonant with a determination that the parties had agreed to postpone the effective date of the contract until the condition, funding from California, occurred.

The following authorities assist this Court in concluding that the parol payment condition in this appeal is the type which excuses one party's obligations under a valid and effective contract. As such, it is inconsistent with the terms of the written contract and is therefore inadmissible under the parol evidence rule. See *Denman v. Kaplan*, 205 S.W. 739 (Tex.Civ.App.1918, writ ref'd) (parol evidence that payment on an unconditional written instrument was to come only out of specified commissions held inadmissible); *Robert and St. John Motor·Co. v. Bumpass*, 65 S.W.2d 399, 402 (Tex.Civ.App.1933, writ dism'd) ("The parol evidence rule forbids the proof of any oral agreement varying the time of payment, or *reducing,* or increasing the amount stipulated in the written contract to be paid, as for example ... *an agreement that a less sum is to be paid upon a certain contingency....*"); [Emphasis in original]. *Veneto v. Strauss*, 415 S.W.2d 543 (Tex.Civ.App.1967, no writ) and *Veneto v. Geller*, 415 S.W.2d 544 (Tex.Civ.App.1967, no writ) ("To permit appellant to prove by parol evidence that the note was to be paid only out of appellee's profits from an oil and gas business would contradict the unconditional promise to pay a definite sum of money set forth in the note."); *Reserve Life Ins. Co. v. Buford*, 241 S.W.2d 973 (Tex.Civ.App. 1951, writ ref'd) (parol agreement that architects would only receive costs incurred if building not constructed contradicts payment terms in written contract and is therefore inadmissible under the parol evidence rule). It is a fair conclusion, we think, that the parol evidence rule prohibits the admission of oral evidence which alters the payment terms of a written contract.

The judgment is reversed and the cause is remanded to the trial court for new trial consistent with this opinion.