Richard W. LITTON, Appellant,

v.

Scott HANLEY, Appellee.

No. 01–90–00653–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 23, 1992.

Jack B. Manning and Ann Moore, Houston, for appellant.

Michael E. Orsak, Houston, for appellee.

Before DUGGAN, MIRABAL and O'CONNOR, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a take-nothing judgment entered against appellant, the payee on a promissory note, on his suit against appellee, the maker, for payment under the note.

In 1983, appellant, Richard W. Litton, and appellee, Scott Hanley, formed a corporation, S & D Enterprises, Inc., for the purpose of acquiring and operating a restaurant. Each invested $30,000 in the corporation. The restaurant was not successful and, in June 1984, after disagreeing on the future course of the business, Hanley offered to buy Litton's interest in the business.

On June 12, 1984, the two executed three simultaneous instruments, each in the form of a letter agreement. The instruments were: (1) a purchase agreement, by which Hanley bought Litton's 500 shares of S &

D stock for one dollar; (2) a promissory note from Hanley, payable to Litton in 58 monthly installments of $828.12 each, commencing July 1, 1984; and (3) a letter agreement whereby Hanley agreed to pay all of S & D's payroll taxes, due and past due.

After the three instruments were signed, Litton surrendered his stock in S & D Enterprises, Inc. to Hanley, and Hanley assumed total control of the business operations. Hanley never made any payments under the note. Litton sued Hanley for the $48,030.96 total due under the note, for $4,738.51 that Litton paid the Internal Revenue Service for S & D's payroll taxes, and for court costs and attorney's fees. In his petition, Litton alleged that Hanley executed the note as the purchase price for Litton's stock in S & D Enterprises. Hanley filed a sworn answer pleading lack of consideration and failure of a condition precedent. Hanley also filed a counterclaim alleging fraud and misrepresentation by Litton and claiming that Litton was, therefore, estopped from claiming any funds under the note.

The jury answered all questions submitted in favor of Hanley and found that (1) the amount now due under the note was "zero"; (2) there was a lack of consideration by Litton in exchange for Hanley's execution of the note; (3) Litton was estopped from collecting on the note executed by Hanley, payable to Litton; and (4) Litton was not entitled to reasonable attorney's fees. Litton urges 11 points of error on appeal.

### Parol Evidence

In point of error three, Litton contends that the trial court erred in admitting parol evidence that varied the terms of the note. Hanley contends Litton induced him to sign the note by stating that his payment on it was contingent upon the success of the restaurant after he took over the business. Litton denies this agreement.

To obtain reversal of a judgment based on error in the admission or exclusion of evidence, an appellant must show

that the trial court's ruling was in error and that the error was calculated to cause and probably did cause rendition of an improper judgment. *Harrison v. Texas Employers Ins. Ass'n,* 747 S.W.2d 494, 498 (Tex.App.—Beaumont 1988, writ denied); *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 837 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. denied,* 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988). Reversible error does not usually occur in connection with rulings on questions of evidence unless the appellant can demonstrate that the whole case turns on the particular evidence that was admitted or excluded. *Texaco, Inc.,* 729 S.W.2d at 837. We hold that appellant met this burden.

■ It is well settled that a written instrument may not be *varied* by evidence of an oral agreement that contravenes its terms. *Texas Export Dev. Corp. v. Schleder,* 519 S.W.2d 134, 137 (Tex.Civ. App.—Dallas 1975, no writ). However, parol evidence is admissible to show (1) that the execution of a written agreement was procured by fraud, *Town North Nat. Bank v. Broaddus,* 569 S.W.2d 489, 491 (Tex.1978); (2) that an agreement was not to become effective except upon certain conditions or contingencies, *Baker v. Baker,* 183 S.W.2d 724, 728 (Tex.1944); or (3) to ascertain the parties' true intentions, where the writing is ambiguous. *Trinity Univ. Ins. Co. v. Ponsford Bros.,* 423 S.W.2d 571, 574–75 (Tex.1968). If the written instrument is worded so that it can be given a certain definite meaning or interpretation, then it is not ambiguous, and the court will construe the contract as a matter of law. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983); *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 518 (Tex. 1968); *Community Dev. Serv., Inc. v. Replacement Parts Mfg.,* 679 S.W.2d 721, 724 (Tex.App.—Houston [1st Dist.] 1984, no writ).

■ To permit parol evidence under the first of these exceptions, there must be a showing that the payee employed some type of trickery, artifice, or device *and* that the payee induced the maker to execute the note by a promise that he would not be liable for its payment. *Town North Nat'l Bank,* 569 S.W.2d at 491; *Albritton Dev. v. Glendon,* 700 S.W.2d 244, 246 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Here, Hanley contends that parol evidence was admissible to show trickery and fraud; however, he alleged that Litton represented to him that he would be liable on the note only if the business succeeded. This does not constitute evidence of trickery, artifice, or device by Litton. Thus, Hanley did not make the requisite showing of fraud in the inducement that would be necessary to allow introduction of parol evidence.

Further, Hanley testified at his deposition in 1986 that he knew the financial condition of the company on June 12, 1984, when he and Litton signed the documents. He testified that he knew about the payroll and tax debts of the business in April 1984. He stated that he went to the restaurant two to three times a week; however, he never discussed the business with Litton and did not concern himself with the financial records of the corporation.

■ The second exception to the parol evidence rule requires that a condition precedent was contemplated by the parties. Hanley defended the suit by stating that the oral agreement, i.e., that any payment by him on the note was contingent upon a profit in the business, constituted a condition precedent to payment under the contract. Thus, he argued that parol evidence was admissible to prove that the note was not effective. Litton denies that such an agreement was made and further contends that if such agreement were made, it would constitute a condition subsequent.

A condition precedent is one that postpones the effective date of the instrument until the happening of a contingency. *Baker,* 183 S.W.2d at 728. In contrast, a condition subsequent is one that excuses an already binding agreement. *Rincones v. Windberg,* 705 S.W.2d 846, 847 (Tex.App.—Austin 1986, no writ). While parol evidence is admissible to prove the existence of a condition precedent to a contract, extrinsic evidence of a condition subsequent

**431**

is not admissible to vary the terms of a valid and binding written agreement. *Id.* at 848.

■ In the present case, the evidence shows that the alleged oral agreement, i.e., that payment by Hanley would be due only if the business turned a profit, was a condition subsequent. If Litton gave consideration for the note by giving up his interest in the corporation and turning over his shares of stock to Hanley, Litton performed his part of the bargain. Because the parol payment condition is inconsistent with the terms of the note, it is inadmissible under the parol evidence rule.

■ The third exception to the parol evidence rule allows testimony about the intent of the parties when the writing contained in the document is ambiguous. *Community Dev. Serv.*, 679 S.W.2d at 724. The note states:

> Dear Mr. Litton,
> I, Scotty Hanley, do hereby agree to pay $828.12 to Dick Litton on the 1st of every month, commencing on July 1, 1984 and ending on April 1, 1989.

The note was signed by Scott Hanley and Richard Litton and indicates it was accepted on June 12, 1984. The note was witnessed and signed by Karin Smith. The jury questions pertained only to the promissory note. When we examine the language of the instrument, we find it to be clear and unambiguous: parol evidence to establish the parties' intent should not have been considered.

We hold that the writing is unambiguous and that the trial court committed reversible error in allowing parol evidence to vary the terms. We sustain point of error three. Based on this ruling, we need not reach appellant's other points of error. The judgment of the trial court is reversed and the cause of action is remanded for further proceedings that are consistent with this opinion.