**KATY PERSONAL STORAGE, INC. and R.S. Simpson, Appellants,**

v.

**FIRST STATE BANK, Keene, and Virginia J. Catron, Substitute Trustee, Appellees.**

**No. 14–97–00415–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 7, 1998.

Rehearing Overruled June 11, 1998.

David Frishman, Katy, for Appellants.

Robert G. Hindman, Tyler, for Appellees.

Before YATES, AMIDEI and FOWLER, JJ.

## OPINION

AMIDEI, Justice.

Katy Personal Storage, Inc. and R.S. Simpson (appellants) appeal a summary judgment in favor of First State Bank, Keene, and Virginia J. Catron, Substitute Trustee (Bank). In two points of error, appellants contend the trial court erred in (1) granting the Bank's summary judgment, and (2) denying appellants summary judgment. We dismiss this appeal as moot.

Appellants executed a real estate lien promissory note, dated February 13, 1987, for $381,000.00 to Katy National Bank, secured by a deed of trust lien on real property in Katy. The Katy National Bank went into federal receivership on May 4, 1989. The note was not in default when the Federal Deposit Insurance Corporation (FDIC) acquired it, but it was delinquent. The record contains a copy of a letter from the FDIC dated December 15, 1989, to appellants advising them of eight past due monthly installments. The FDIC assigned the note and lien to the Bank on August 27, 1996. The note was in default, by its terms, on January 1, 1992, when one final "balloon" payment for all the remaining principal and interest was then due and payable. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.035(e) (Vernon 1986 & Supp.1998). After the Bank acquired the note from the FDIC, it sent notice of the foreclosure sale and acceleration of maturity to appellants by letter dated December 16, 1996.

Appellants filed their original petition and application for temporary and permanent injunction to enjoin the pending foreclosure sale by the Bank. As grounds for injunction, appellants alleged the Bank did not commence its foreclosure within six years from the date of default. Appellants further alleged the Bank should be enjoined because of laches, unjust enrichment, usury, and lack of status as holder in due course. Appellants also asked for declaratory relief that the foreclosure was barred under various theories. The trial court granted summary judgment for the Bank and denied summary judgment for appellants.

The pertinent portions of the trial court's judgment applicable to this appeal are:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Plaintiff's request for injunctive relief be denied and that the Defendant be allowed to file it's Trustee's Deed immediately.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff take nothing;

The judgment is dated February 20, 1997. In its brief, the Bank stated that, following the entry of the trial court's judgment, the Bank filed its substitute trustee deed in the real property records of Harris County and the Bank is therefore entitled to immediate possession of all the collateral securing the note. At oral argument of this case, counsel for appellee stated there is now pending in a district court a suit by the bank against appellants to cancel a lis pendens notice filed by appellants, and to recover a deficiency on the unpaid balance of the note after the foreclosure sale.

Appellants suit was for injunction to prevent the Bank from foreclosing its deed of trust lien under its power of sale. Appellants enumerated several theories under which the Bank should be prevented from exercising its right to foreclosure. Appellants further asked for declaratory relief as to the validity of the note and deed of trust under various theories. The trial court rendered judgment for the Bank denying all relief to appellants and ordered the Bank to file its substitute trustee deed. As of the date of the final judgment, February 20, 1997, the bank had already foreclosed its lien, and purchased the property at the foreclosure sale. The only remaining issue was filing the substitute trustee deed in the real property records which the Bank did subsequent to the date of the final judgment. Therefore, there is no actual controversy on

appeal. The controversy in this case involved the rights of appellants against the Bank as a lienholder. The Bank ceased being a lienholder when it foreclosed on and purchased the property. *Federal Deposit Ins. Corp. v. Nueces County,* 886 S.W.2d 766, 767 (Tex.1994). After that, the controversy between the parties ended. *Id.* The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *Id.*

Accordingly, without reference to the merits, we dismiss this appeal as moot.