Lorenzo **GONZALEZ,** Appellant,

v.

The **UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, LOCAL 551 and Jerald B. Sauter,** Appellees.

No. 14–01–00439–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 18, 2002.

---

Lawrence S. Rothenberg, Houston, for appellants.

Patrick M. Flynn, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant, Lorenzo Gonzalez, appeals an order granting summary judgment in favor of appellees, The United Brotherhood of Carpenters and Joiners of America, Local 551 ("UBC"), and Jerald B. Sauter. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1997, UBC was selling a piece of property located in Houston, Texas. Sauter, acting as a representative for UBC, engaged in negotiations for the sale of this property with Gonzalez. Gonzalez made several offers that were not approved by UBC members. On December 17, 1997, Gonzalez met with Sauter for the final time. Gonzalez alleges that at this meeting, Sauter told him if he made an offer of $550,000 and a 6% realtor's commission, Sauter had authority from the members to accept it. Gonzalez instructed his agents to amend the earnest money contract to reflect the new terms. The contract was signed by both parties on December 23, 1997. Gonzalez was represented by a licensed real estate broker and an attorney. This contract, like the prior ones, contains a paragraph entitled "Conditions Prece-

dent" which provides that "[s]eller's obligation to sell the Property is subject to" approval of the members of UBC. Union members did not approve the sale and appellees refused to sell the property, asserting that the condition precedent was not fulfilled.

Gonzalez thereafter sued appellees seeking specific performance of the contract, asserting the following causes of action: (1) breach of contract; (2) fraud; (3) violations of Texas Deceptive Trade Practices Act (DTPA); (4) promissory and equitable estoppel; and (5) conspiracy. Appellees filed a motion for summary judgment attacking each of Gonzalez's grounds for recovery.[1] The trial court granted appellees' motion as to Gonzalez's (1) breach of contract, (2) DTPA, (3) estoppel, and (4) conspiracy claims, but denied the motion as to Gonzalez's (5) fraud claims. Gonzalez then nonsuited his fraud claims, and this appeal ensued.

## ISSUES ON APPEAL

Gonzalez asserts the trial court erred in granting appellees' motion for summary judgment because there is a genuine issue of material fact regarding whether appellees (1) waived the condition precedent, and (2) should be estopped from relying on the condition precedent. We affirm.

## STANDARD OF REVIEW

The function of a summary judgment is not to deprive a litigant of the right to a full hearing on the merits of any real issue of fact, but rather to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). Appellate courts review summary judgments under the well established standards set forth in *Nixon v. Mr. Property Management Co.,*

690 S.W.2d 546, 548–49 (Tex.1985). The movant for summary judgment has the burden of showing there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *Id.* In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.*

A defendant, as movant, is entitled to summary judgment if it (1) disproves at least one element of each of the plaintiff's theories of recovery, or (2) pleads and conclusively establishes each essential element of an affirmative defense thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979).

When the trial court does not specify the ground upon which it granted summary judgment, we must affirm the judgment if any of the movant's theories with respect to the claim are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

## WAIVER OF THE CONDITION PRECEDENT

■ Gonzalez asserts the trial court erred in granting appellees' summary judgment on his contract claims, because Sauter, acting as a representative for UBC, waived the condition precedent (approval by UBC members) when he told Gonzalez that he had authority to accept $550,000 and a 6% realtor's commission on behalf of UBC. In its motion for summary judgment, appellees argue that Sauter's alleged statement was not admissible to vary the terms of the contract because it is a prior inconsistent statement, and it is

---

1. Appellees' motion for summary judgment included both traditional and no evidence grounds. However, appellees' no evidence grounds are not presented for review.

undisputed the condition precedent was not fulfilled. Therefore, appellees argue that they were entitled to judgment as a matter of law.

■ The parol evidence rule is a rule of substantive law. *Lewis v. Adams,* 979 S.W.2d 831, 836 (Tex.App.-Houston [14th Dist.] 1998, no pet.) (citations omitted). When the parties have concluded a valid integrated agreement, this rule precludes enforcement of inconsistent prior or contemporaneous agreements. *Id.* Parol evidence is, however, admissible to show (1) the execution of a written agreement was procured by fraud, (2) an agreement was to become effective only upon certain contingencies, or (3) the parties' true intentions if the writing is ambiguous. *Litton v. Hanley,* 823 S.W.2d 428, 430 (Tex.App.-Houston [1st Dist.] 1992, no writ) (citations omitted).

The earnest money contract explicitly states UBC's obligations are contingent upon its members' approval of the agreement. Sauter's alleged statement, that no approval by the members was required, is an inconsistent prior statement that would vary the terms of the subsequent agreement. Gonzalez is not asserting the statement is evidence of procurement by fraud; nor is Gonzalez asserting the statement itself constitutes evidence that the agreement was to become effective upon the happening of a certain contingency. Finally, Gonzalez is not arguing the contract is ambiguous. Therefore, Sauter's alleged statement is inadmissible under the parol evidence rule, and cannot be considered for summary judgment purposes. *See United Blood Services v. Longoria,* 938 S.W.2d 29 (Tex.1997) (holding there is no difference in admissibility standards as applied to trial and summary judgment proceedings). We overrule Gonzalez's first point of error.

## ESTOPPEL AND THE CONDITION PRECEDENT

■ Gonzalez asserts appellees should be estopped from relying upon the condition precedent because of Sauter's alleged statement.

■ Appellant's estoppel argument also founders on the parol evidence rule. It is impermissible to attempt to vary the terms of a document with inadmissible parol evidence under the guise of an estoppel doctrine. *See Highlands Mngmt. Co., Inc. v. First Interstate Bank of Texas, N.A.,* 956 S.W.2d 749, 757 (Tex.App.-Houston [14th Dist.] 1997, pet. denied) (holding that inadmissible parol evidence will not be admitted under a theory of promissory estoppel); *Albritton Dev. Co. v. Glendon Investments, Inc.,* 700 S.W.2d 244, 246 (Tex.App.-Houston [1st Dist.] 1985, writ. ref'd n.r.e.) (holding that inadmissible parol evidence will not be admitted under a theory of equitable estoppel). If a valid contract exists between the parties covering the alleged promise, the party must seek damages under the contract. *El Paso Healthcare Sys., Ltd. v. Piping Rock Corp.,* 939 S.W.2d 695, 699 (Tex.App.-El Paso 1997, writ denied).

As previously discussed, Sauter's alleged statement is inadmissible parol evidence. Gonzalez may not, therefore, admit the statement under the guise of equitable or promissory estoppel. *See Highlands Mngmt.,* 956 S.W.2d at 757; *Albritton Dev. Co.,* 700 S.W.2d at 246. We overrule Gonzalez's second point of error.

## CONCLUSION

We affirm the decision of the trial court.