Affirmed and Opinion filed July 18, 2002









Affirmed and Opinion filed July 18, 2002.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00439-CV

____________

 

LORENZO GONZALEZ, Appellant

 

V.

 

THE UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA, LOCAL 551 and JERALD B. SAUTER, Appellees

 



 

On Appeal from the 129th District Court

Harris County, Texas

Trial Court Cause No. 98-20268

 



 

O P I N I O N

Appellant, Lorenzo Gonzalez, appeals an order granting
summary judgment in favor of appellees, The United Brotherhood of Carpenters
and Joiners of America, Local 551 (“UBC”), and Jerald B. Sauter.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1997, UBC was selling a piece of property located in
Houston, Texas.  Sauter, acting as a
representative for UBC, engaged in negotiations for the sale of this property
with 








Gonzalez.  Gonzalez made several
offers that were not approved by UBC members. 
On December 17, 1997, Gonzalez met with Sauter for the final time.  Gonzalez alleges that at this meeting, Sauter
told him if he made an offer of $550,000 and a 6% realtor’s commission, Sauter
had authority from the members to accept it. 
Gonzalez instructed his agents to amend the earnest money contract to
reflect the new terms.  The contract was signed
by both parties on December 23, 1997. 
Gonzalez was represented by a licensed real estate broker and an
attorney.  This contract, like the prior
ones, contains a paragraph entitled “Conditions Precedent@ which provides that A[s]eller=s obligation to sell the Property is
subject to” approval of the members of UBC. 
Union members did not approve the sale and appellees refused to sell the
property, asserting that the condition precedent was not fulfilled.

Gonzalez thereafter sued appellees seeking specific
performance of the contract, asserting the following causes of action: (1)
breach of contract; (2) fraud; (3) violations of Texas Deceptive Trade
Practices Act (DTPA); (4) promissory and equitable estoppel; and (5)
conspiracy.  Appellees filed a motion for
summary judgment attacking each of Gonzalez=s grounds for recovery.[1]  The trial court granted appellees’ motion as
to Gonzalez’s (1) breach of contract, (2) DTPA, (3) estoppel, and (4) conspiracy
claims, but denied the motion as to Gonzalez’s (5) fraud claims.  Gonzalez then nonsuited his fraud claims, and
this appeal ensued.  

ISSUES ON APPEAL

Gonzalez asserts the trial court erred in granting appellees’
motion for summary judgment because there is a genuine issue of material fact
regarding whether appellees (1) waived the condition precedent, and (2) should
be estopped from relying on the condition precedent.  We affirm.

 








STANDARD OF REVIEW

The function of a summary judgment is not to deprive a
litigant of the right to a full hearing on the merits of any real issue of
fact, but rather to eliminate patently unmeritorious claims and untenable
defenses.  Gulbenkian v. Penn, 151
Tex. 412, 416, 252 S.W.2d 929, 931 (1952). 
Appellate courts review summary judgments under the well established
standards set forth in Nixon v. Mr. Property Management Co., 690 S.W.2d
546, 548B49 (Tex. 1985).  The movant for summary judgment has the
burden of showing there are no genuine issues of material fact and it is
entitled to judgment as a matter of law. 
Id.  In deciding whether
there is a disputed material fact issue precluding summary judgment, evidence
favorable to the non‑movant will be taken as true.  Id. 
Every reasonable inference must be indulged in favor of the non‑movant
and any doubts resolved in its favor.  Id.

A defendant, as movant, is entitled to summary judgment if it
(1) disproves at least one element of each of the plaintiff’s theories of
recovery, or (2) pleads and conclusively establishes each essential element of
an affirmative defense thereby rebutting the plaintiff=s cause of action.  City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 679 (Tex. 1979). 

When the trial court does not specify the ground upon which
it granted summary judgment, we must affirm the judgment if any of the movant=s theories with respect to the claim
are meritorious.  Carr v. Brasher,
776 S.W.2d 567, 569 (Tex. 1989).  

WAIVER OF THE CONDITION PRECEDENT








Gonzalez asserts the trial court erred in granting appellees’
summary judgment on his contract claims, because Sauter, acting as a
representative for UBC, waived the condition precedent (approval by UBC
members) when he told Gonzalez that he had authority to accept $550,000 and a
6% realtor=s commission on behalf of UBC.  In its motion for summary judgment, appellees
argue that Sauter=s alleged statement was not admissible to vary the terms of
the contract because it is a prior inconsistent statement, and it is undisputed
the condition precedent was not fulfilled. 
Therefore, appellees argue that they were entitled to judgment as a
matter of law.

The parol evidence rule is a rule of substantive law.  Lewis v. Adams, 979 S.W.2d 831, 836 (Tex.
App.CHouston [14th Dist.] 1998, no pet.)
(citations omitted).  When the parties
have concluded a valid integrated agreement, this rule precludes enforcement of
inconsistent prior or contemporaneous agreements.  Id. 
Parol evidence is, however, admissible to show (1) the execution of a
written agreement was procured by fraud, (2) an agreement was to become
effective only upon certain contingencies, or (3) the parties= true intentions if the writing is
ambiguous.  Litton v. Hanley, 823 S.W.2d
428, 430 (Tex. App.CHouston [1st Dist.] 1992, no writ) (citations omitted).  

The earnest money contract explicitly states UBC’s obligations are contingent upon its members= approval of the agreement.  Sauter=s alleged statement, that no approval
by the members was required, is an inconsistent prior statement that would vary
the terms of the subsequent agreement. 
Gonzalez is not asserting the statement is evidence of procurement by
fraud; nor is Gonzalez asserting the statement itself constitutes evidence that
the agreement was to become effective upon the happening of a certain
contingency.  Finally, Gonzalez is not
arguing the contract is ambiguous. 
Therefore, Sauter=s alleged statement is inadmissible under the parol evidence
rule, and cannot be considered for summary judgment purposes.  See United Blood Services v. Longoria,
938 S.W.2d 29 (Tex. 1997) (holding there is no difference in admissibility
standards as applied to trial and summary judgment proceedings).  We overrule Gonzalez=s first point of error.  

ESTOPPEL AND THE CONDITION PRECEDENT

Gonzalez asserts appellees should be estopped from relying
upon the condition precedent because of Sauter=s alleged statement.








Appellant=s estoppel argument also founders on the parol evidence
rule.  It is impermissible to attempt to
vary the terms of a document with inadmissible parol evidence under the guise
of an estoppel doctrine.  See
Highlands Mngmt. Co., Inc. v. First Interstate Bank of Texas, N.A., 956 S.W.2d
749, 757 (Tex. App.CHouston [14th Dist.] 1997, pet. denied) (holding that
inadmissible parol evidence will not be admitted under a theory of promissory
estoppel); Albritton Dev. Co. v. Glendon Investments, Inc., 700 S.W.2d
244, 246 (Tex. App.CHouston [1st Dist.] 1985, writ. ref=d n.r.e.) (holding that inadmissible
parol evidence will not be admitted under a theory of equitable estoppel).  If a valid contract exists between the
parties covering the alleged promise, the party must seek damages under the
contract.   El Paso Healthcare Sys.,
Ltd. v. Piping Rock Corp., 939 S.W.2d 695, 699 (Tex. App.CEl Paso 1997, writ denied).  

As previously discussed, Sauter=s alleged statement is inadmissible
parol evidence.  Gonzalez may not,
therefore, admit the statement under the guise of equitable or promissory
estoppel.  See Highlands Mngmt.,
956 S.W.2d at 757; Albritton Dev. Co., 700 S.W.2d at 246. We overrule
Gonzalez=s second point of error.

CONCLUSION

We affirm the decision of the trial court.

 

 

/s/        John S. Anderson

Justice

 

 

 

Judgment rendered
and Opinion filed July 18, 2002.

Panel consists of
Chief Justice Brister and Justices Anderson and Frost.

Publish C Tex.
R. App. P. 47.3(b).

 











[1]  Appellees= motion for summary judgment included both traditional
and no evidence grounds.  However,
appellees= no evidence grounds are not presented for review.