**Victor HOVAS, Appellant,**

v.

**Elena O'BRIEN, Appellee.**

**No. A14–82–403CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 2, 1983.

Rehearing Denied June 23, 1983.

William E. Matthews, Houston, for appellant.

Thomas Clark, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a suit to recover on a written contract. Appellant, Victor Hovas, plaintiff in the court below, brought suit against defendant-appellee, Elena O'Brien, to recover monies due on a written contract executed on November 23, 1977, by the two parties, in which O'Brien, an interior designer, agreed to split with Hovas her compensation received for decorating two condominiums purchased by Paul di Portanova, the father-in-law of appellant's niece. Upon submission of special issues, the jury found (1) there was no consideration for the written agreement between O'Brien and Hovas; (2) there was no consideration for the subsequent oral agreement between the parties; (3) the compensation received by O'Brien for the di Portanova decorating job was $74,073.00; and (4) the reasonable value of attorney's fees for both plaintiff and defendant. The court signed a judgment in favor of O'Brien for $23,327.52 and awarded her attorney's fees. Hovas filed a Motion for New Trial which was overruled; however, an amended Final Judgment was entered the same day denying O'Brien recovery for attorney's fees. Appellant brings nine points of error for consideration; appellee asserts one cross-point.

In points of error four and five, Hovas contends the trial court erred in finding for O'Brien, because consideration for the November 23, 1977, written contract was established as a matter of law. We agree.

In 1977, Paul di Portanova, with the aid of Hovas, picked out two penthouse condominiums to be purchased as a residence for Mr. di Portanova, his wife, and mentally incompetent son, Ugo. The purchase was handled by First International Bank, guardian of Ugo di Portanova's estate. After the purchase of the condominiums was arranged, W. Bryant Russell, attorney for First International Bank's trust department, suggested to Mr. di Portanova that O'Brien serve as interior decorator. Mr. Russell testified that, although he highly recommended O'Brien, had she and di Portanova been incompatible, other arrangements would have been made to get the job done.

On November 23, 1977, O'Brien entered into a written contract with Hovas, agreeing to share equally any compensation she received from her decorating job for di Portanova. Both parties to the contract testified at trial that Mr. di Portanova told O'Brien she would get the decorating job if she agreed to divide her compensation equally with Mr. Hovas. Although di Portanova testified that he was very displeased with the terms of the contract after it was signed, he admitted that he had indeed requested that O'Brien give "some part of a profit or a commission" to Hovas, because Hovas was di Portanova's friend and relative.

█ We find the testimony undisputed that, in exchange for receiving the job of interior decorator for di Portanova's two condominiums, O'Brien agreed to split her commission with Hovas. Therefore, there was consideration as a matter of law for the written contract between appellant and appellee. It is well settled in Texas that

consideration may be given *either by the promisee or by some other person* to either the promissor or some other person. *Loomis v. Skillerns-Loomis Plaza, Inc.*, 593 S.W.2d 409 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); *Minton v. Riverside Bank*, 399 S.W.2d 196 (Tex.Civ.App.—Fort Worth 1966, no writ); *Restatement (Second) of Contracts* § 71 comment e (1981). In addition, it is well settled in Texas that sufficient consideration for a contract may consist of either a benefit to the promisor or a detriment to the promisee. A *quid pro quo* is not required to create a valid consideration. Mr. di Portanova provided the consideration for the written contract when he agreed to give O'Brien the decorating job if, in return, she agreed to split her commission with Hovas. Accordingly, we sustain points of error four and five.

■ O'Brien argues that, if this court finds consideration as a matter of law .for the written contract executed on November 23, 1977, we must also find consideration as a matter of law for a subsequent oral modification of the written agreement. We cannot support this argument. There is nothing in the record to indicate that the purported oral modification was based on any new consideration. O'Brien was merely required to fulfill the terms of the original contract, which she was already bound to do. Therefore, there was no consideration to support such a modification. *Okemah Construction Inc. v. Barkley-Farmer, Inc.*, 583 S.W.2d 458 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Pasadena Police Officers Association v. City of Pasadena*, 497 S.W.2d 388 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.).

In points of error six and eight, appellant Hovas argues that the trial court erred in admitting O'Brien's exhibits, Nos. 2 and 3, because a proper predicate was not laid for admission of the exhibits as summaries of appellee's business records. We disagree.

■ In order to prove up a summary of business records, a party must establish that: (1) the records are voluminous, (2) the records have been made available for inspection by opponent or are present in the courtroom and (3) the business records themselves are admissible into evidence. *Duncan Development, Inc. v. Haney*, 634 S.W.2d 811 (Tex.1982); *Black Lake Pipe Line Co. v. Union Construction Co.*, 538 S.W.2d 80 (Tex.1976).

■ In examining the record before us, we find appellee met her burden of proof for admission of the summaries. A box containing a large sack of records was present in the courtroom, and was identified by appellee's daughter (and former bookkeeper), Elizabeth Gimmler, as the basis for the business records summaries. In light of the quantity of checks and invoices underlying the summaries, it would have been impractical to present all of them to the jury for inspection. In addition, the business records themselves were admitted into evidence without objection. We, therefore hold the appellee's summaries qualified for admission.

■ In points of error seven and nine, Hovas contends that the trial court erred in admitting O'Brien's summaries, because no witness had personal knowledge of the basis of the figures in the summaries. Tex.Rev. Civ.Stat.Ann. art. 3737e (Vernon Supp.1982) limits the admissibility of business records to those made by employees of the business in the regular course of business, and proof must be made that the employee who made the record, or transmitted the information to another employee to record, *had personal knowledge of the facts recorded.* (Emphasis added.) Since appellant failed to object to the admission of appellee's business records upon which the summaries were based, we find no merit to his argument that the witnesses who presented the summaries had no personal knowledge of the figures contained therein. We overrule points of error seven and nine. .

In summary, we reverse the trial court's judgment in favor of O'Brien and find Hovas is entitled to recover under the written contract in issue. We affirm the trial court's finding that compensation to O'Brien totalled $74,073.00. Therefore, Hovas, is entitled to retain the $23,327.52 paid

him by appellee, and recover an additional $13,708.98 on the contract, to equal one-half appellee's compensation. In addition, Hovas is entitled to recover attorney's fees in the sum of $10,500.

O'Brien claims by cross-point that, as the prevailing party in the court below, she was entitled to recover attorney's fees pursuant to Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1982–83). In light of our decision to reverse and render judgment in favor of appellant, we must overrule appellee's cross-point.

The judgment is reversed and rendered.