ACCEPTED
01-14-00864-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/20/2015 4:30:02 PM
CHRISTOPHER PRINE
CLERK

Cause No.:      01-14-00864-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/20/2015 4:30:02 PM
CHRISTOPHER A. PRINE
Clerk

## COURT OF APPEALS
## FIRST DISTRICT OF TEXAS
## HOUSTON, TEXAS

# Llyasah Dupree d/b/a 360 Degree Beauty Academy,
## Appellant

# Vs

# Boniuk Interest, Ltd,
## Appellee

## BRIEF OF THE APPELLANT

Timothy L. Williams, MBA, JD
TBN: 00791938
TL Williams & Associates
11811 North Freeway, Suite 212
Houston, Texas 77060
713.504.1882 – Office
twilliams.nhcs@yahoo.com – email
Attorney for Appellant, Llyasah Dupree
d/b/a 360 Degree Beauty Academy

## ORAL ARGUMENT NOT REQUESTED

1 | P a g e

# IDENTITY OF THE PARTIES

**Appellant/Plaintiff**

Llyasah Dupree d/b/a 360 Degree Beauty Academy

**Attorney for Appellant**

Timothy L. Williams, MBA, JD
TL Williams & Associates
11811 North Freeway, Suite 212
Houston, Texas 77060

**Appellee/Respondent**

Boniuk Interest, Ltd

**Attorney for Appellant**

Debra Boniuk
Boniuk Interest, Ltd
3720 San Jacinto
Houston, Texas 77004

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL    ....................    2

INDEX OF AUTHORITIES  .............................................  5

STATEMENT OF CASE    .........................................  7

ISSUES PRESENTED  .................................................  7

**Point of Error 1:** Use of parol evidence to ascertain to intent of the parties in the construction of the promissory note between the Defendant landlord and Llyasah Dupree, Plaintiff.

**Point of Error 2:** Evidence does not support the decision, Plaintiff's tendering of payments for lease payments not deposited by Defendant Landlord

**Point of Error 3:** No consideration for the amendment to the lease agreement. The Plaintiff had a duty to pay rent under the lease agreement and there was no additional consideration.

**Point of Error 4:** The court erred in not ruling that the Appellee had committed fraud by presented business records to the court that the Appellee testified were inaccurate and were used to commit fraud on the Appellant

STATEMENT REGARDING ORAL ARGUMENT  ...............  8

STATEMENT OF FACTS   ...............................................  8

SUMMARY OF THE ARGUMENT    ...................................  9

STANDARD OF REVIEW   ............................................  9

**ARGUMENT** ............................................. **10**

**CONCLUSION AND PRAYER** ............................. **21**

**CERTIFICATE OF SERVICE** ............................. **21**

**CERTIFICATE OF COMPLIANCE** ......................... **22**

**APPENDIX** ............................................. **23**

Exhibit 1: Finding of Facts and Conclusions of Law

# INDEX OF AUTHORITIES

## CASES

1. *Harrison v. Texas Employers Ins. Ass'n,* 747 S.W.2d 494, 498 (Tex. App.--Beaumont 1988, writ denied);

2. *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 837 (Tex. App.--Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. denied,* 485 U.S. 994 (1988).

3. *Texas Export Dev. Corp. v. Schleder,* 519 S.W.2d 134, 137 (Tex. Civ. App.--Dallas 1975, no writ).

4. *Town North Nat. Bank v. Broaddus,* 569 S.W.2d 489, 491 (Tex. 1978).

5. *Baker v. Baker,* 143 Tex. 191, 183 S.W.2d 724, 728 (Tex. 1944);

6. *Trinity Univ. Ins. Co. v. Ponsford Bros.,* 423 S.W.2d 571, 574-75 (Tex. 1968).

7. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983).

8. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 518 (Tex. 1968)

9. *Community Dev._ [**5] Serv., Inc. v. Replacement Parts Mfg.,* 679 S.W.2d 721, 724 (Tex. App.--Houston [1st Dist.] 1984, no writ).

10. *Albritton Dev. v. Glendon,* 700 S.W.2d 244, 246 (Tex. App.--Houston [1st Dist.] 1985, writ ref'd n.r.e.).

11. *Rincones v. Windberg,* 705 S.W.2d 846, 847 (Tex. App.--Austin 1986, no writ).

12. *Hathaway v. General Mills, Inc.,* 711 S.W.2d 227, 228, 29 Tex. Sup. Ct. J. 333 (Tex. 1986)

13. *American Nat. Ins. Co. v. Teague,* 237 S.W. 248, 250 (Tex. Comm'n App. 1922, holding approved)

14. *Hill v. Heritage Res., Inc.,* 964 S.W.2d 89, 113 (Tex. App.--El Paso 1997, pet. denied)

15. *Hovas v. O'Brien,* 654 S.W.2d 801, 803 (Tex. App.--Houston [14th Dist.] 1983, writ ref'd n.r.e.).

TO THE HONORABLE FIRST COURT OF APPEALS:

## STATEMENT OF THE CASE

| | |
|---|---|
| Nature of Case | The court abused its discretion by admitting parol evidence to establish the intent of the parties when the language of the contract was unambiguous, found a contract where no new consideration was given for the amendment and failed to find fraud for the submission of misleading exhibits by the Appellee |
| The Trial Court | The 11th Judicial District, Harris County, Texas |
| Trial Court's Disposition | Dismissed Plaintiff's cause of action and granted relief to the Defendant on its counterclaim for breach of contract |

## ISSUES PRESENTED

**Point of Error 1:** Use of parol evidence to ascertain to intent of the parties in the construction of the promissory note between the Appellee and the Appellant.

**Point of Error 2:** Evidence does not support the decision, Appellant tendering of payments for lease payments not deposited by Appellee.

**Point of Error 3:** No consideration for the amendment to the lease agreement. The Appellant had a duty to pay rent under the lease agreement and there was no additional consideration.

**Point of Error 4:** The court erred in not ruling that the Appellee had committed fraud by presented business records to the court that the Appellee testified were inaccurate and were used to commit fraud on the Appellant

## STATEMENT REGARDING ORAL ARGUMENT

The issues regarding contract law are well cited in Texas case law and the Appellant Plaintiff does not believe that oral arguments before the court are necessary and are not requested by the Appellant.

## STATEMENT OF FACTS

**Court ruling**

On July 25, 2014, the 11th Judicial District Court entered judgment in open court denying the Appellant petition for relief and granting the Appellee relief on its counterclaim and for attorney fees.

The Appellant filed a request for Findings of Facts and Conclusions of Law on August 2014. The Court filed its Findings of Facts and Conclusions of Law on

August 15, 2014. The Appellant filed its Notice of Appeal on November 2014. The court reporter filed the record on January 21, 2015. The brief of the Appellant was due on February 20, 2015.

## SUMMARY OF THE ARGUMENT

The Appellant argues that (1) the court erred in the use of parol evidence to ascertain to intent of the parties in the construction of the promissory note between the Appellee and the Appellant because the terms of the agreement were not ambiguous; (2) that the court erred in ruling that the evidence does supports the decision, by determining that the Appellant's tendering of lease payments which were not deposited by the Appellee as not being tendered; (3) the court erred in determining that there was consideration for the amendment to the lease agreement. The Plaintiff had a duty to pay rent under the lease agreement and there was no additional consideration for the amendment; and (4) by failing to rule that the Appellee had engaged in fraud and misrepresentation to the court by presented business records to the court that the Appellee subsequently testified were inaccurate and were used to commit fraud on the Appellant.

## STANDARD OF REVIEW

The standard of review is a preponderance of the evidence in a civil, non-family cause of action.

# ARGUMENT

**Point of Error 1: Use of parol evidence to ascertain to intent of the parties in the construction of the promissory note between the Appellee and Appellant.**

1. On December 18, 2009, Appellant and Appellee entered into an agreement whereby pursuant to the plain language of the contract, the Appellant would give the Appellant a loan in the amount of $21,499. The terms of the agreement are plain and clear and no other consideration is mentioned in the language within the "four corners" of the agreement.

2. In return for the loan, the Appellant was obligated to pay the Appellee installment payments in the amount of $440 per month for 60 months.

3. The Appellant made payments on the loan for the first three months, but did not receive the funds from the Appellee. The failure of the Appellee to provide the funds [See Transcript page 46, lines 8-25 and page 47, lines 1-12] to the Appellant was a material breach of the promissory note and, therefore, the Appellant was released from performance under the promissory note.

4. The court relied on exhibits provided by the Appellee to ascertain the nature of the consideration, even though the language of the promissory note was plain and uncontroverted. The language in the promissory note stated that the principal amount to be paid to the Appellant is $21,499.00.

5. The court relied on exhibits to speculate that the consideration could have been the credit for past due lease payments, although no evidence was entered crediting the Appellant account for such action and despite the testimony of the Appellee that the business records provided supporting such argument were "… inaccurate."

6. To obtain reversal of a judgment based on error in the admission or exclusion of evidence, an appellant must show that the trial court's ruling was in error and that the error was calculated to cause and probably did cause rendition of an improper judgment. *Harrison v. Texas Employers Ins. Ass'n,* 747 S.W.2d 494, 498 (Tex. App.--Beaumont 1988, writ denied); *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 837 (Tex. App.--Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. denied,* 485 U.S. 994 (1988).

7. Reversible error does not usually occur in connection with rulings on questions of evidence unless the appellant can demonstrate that the whole case turns on the particular evidence that was admitted or excluded. *Texaco, Inc.,* 729 S.W.2d at 837. The Appellant's cause of actions on the promissory note for breach turns on whether the consideration is as stated in the note and that the Appellant is to receive the amount listed therein. If the consideration in the promissory note is for the amount stated therein, then the Appellee breached the agreement by note tendering the amount to the Appellant, even though the Appellant had performed under the promissory note by making the requisite payments.

8. It is well settled that a written instrument may not be varied by evidence of an oral agreement that contravenes its terms. *Texas Export Dev. Corp. v. Schleder,* 519 S.W.2d 134, 137 (Tex. Civ. App.--Dallas 1975, no writ). However, parol evidence is admissible to show (1) that the execution of a written agreement was procured by fraud, *Town North Nat. Bank v. Broaddus,* 569 S.W.2d 489, 491 (Tex. 1978); (2) that an agreement was not to become effective except upon certain conditions or contingencies, *Baker v. Baker,* 143 Tex. 191, 183 S.W.2d 724, 728 (Tex. 1944); or (3) to ascertain

the parties' true intentions, where the writing is ambiguous. *Trinity Univ. Ins. Co. v. Ponsford Bros.*, 423 S.W.2d 571, 574-75 (Tex. 1968).

9. If the written instrument is worded so that it can be given a certain definite meaning or interpretation, then it is not ambiguous, and the court will construe the contract as a matter of law. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983); *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 518 (Tex. 1968); *Community Dev._* [**5] *Serv., Inc. v. Replacement Parts Mfg.,* 679 S.W.2d 721, 724 (Tex. App.--Houston [1st Dist.] 1984, no writ).

10. To permit parol evidence under the first of these exceptions, there must be a showing that the payee employed some type of trickery, artifice, or device and that the payee induced the maker to execute the note by a promise that he would not be liable for its payment. *Town North Nat'l Bank,* 569 S.W.2d at 491; *Albritton Dev. v. Glendon,* 700 S.W.2d 244, 246 (Tex. App.--Houston [1st Dist.] 1985, writ ref'd n.r.e.). Here, there was no such trickery or fraud, thus the requisite showing of fraud in the inducement that would be necessary to allow introduction of parol evidence is not present.

11. The second exception to the parol evidence rule requires that a condition precedent was contemplated by the parties. A condition precedent is one that postpones the effective date of the instrument until the happening of a contingency. *Baker,* 183 S.W.2d at 728. In contrast, a condition subsequent is one that excuses an already binding agreement. *Rincones v. Windberg,* 705 S.W.2d 846, 847 (Tex. App.--Austin 1986, no writ). While parol evidence is admissible to prove the existence of a condition precedent to a contract, extrinsic evidence of a condition subsequent is not admissible to vary the terms of a valid and binding written agreement.

12. There were no conditions precedent to the execution of the promissory note and, therefore, the introduction of parol evidence is in error.

13. The third exception to the parol evidence rule allows testimony about the intent of the parties when the writing contained in the document is ambiguous. *Community Dev. Serv.,* 679 S.W.2d at 724. The language in the promissory note is plain and unambiguous, it states that the Appellant is to receive the amount stated in the agreement in money, not a credit, and the Appellant is to make monthly payments to pay off the loan.

**Point of Error 2: Evidence does not support the decision, Plaintiff's tendering of payments for lease payments not deposited by Defendant Landlord**

14. The court based its decision for the counterclaim for the Appellee and denied relief for the Appellant on its case in chief on the fact that the Appellant had not made payments to the Appellee.

15. The Appellee testified that the Appellant had tendered to Appellee payments for the months of August 2010, September 201, October 2010, November 2010 and December 2010 and that Appellee had received such payments for the above referenced months that it claimed that the Appellant had not paid and for which it made the basis for the eviction of the Appellant from the premises. [Transcript page 125, lines 1-22]

16. The Appellee testified that it had received checks for the full payment of the lease agreement from the Appellant for the months of August 2010, September 2010, October 2010, November 2010 and December 2010.

17. The Appellee testified that under the lease agreement, the Appellee had the authority to deposit any and all of the checks tendered to it by the Appellant, including partial payments, without waiving its rights under the lease.

18. If the Appellee had deposited the checks and the checks had been returned for insufficient funds, then the Appellee could argue that the appellant had not tendered the lease payments.

19. The Appellee did not deposit the tendered funds and proceeded strainght to eviction, without any evidence that the Appellant tendered payments were not adequately funded.

20. Accordingly, the court erred by ruling that the appellant had not tendered the funds for payment of lease payments for the period from August 2010 to December 2010. The Appellant testified that she had authorized the Appellee to cash the checks tendered for August, September, October, November and December 2010.

**Point of Error 3: No consideration for the amendment to the lease agreement. The Plaintiff had a duty to pay rent under the lease agreement and there was no additional consideration.**

21. The court erred by ruling that the amendment to the lease agreement was valid and legally enforceable. An amendment to a contract has to be supported by separate and independent consideration to be enforceable.

22. Texas courts have consistently adhered to the rule that a modification to a contract must itself be supported by consideration to be valid. *See Hathaway v. General Mills, Inc.*, 711 S.W.2d 227, 228, 29 Tex. Sup. Ct. J. 333 (Tex. 1986); [**14] *American Nat. Ins. Co. v. Teague*, 237 S.W. 248, 250 (Tex. Comm'n App. 1922, holding approved); *Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 113 (Tex. App.--El Paso 1997, pet. denied); *Hovas v. O'Brien*, 654 S.W.2d 801, 803 (Tex. App.--Houston [14th Dist.] 1983, writ ref'd n.r.e.).

23. The Appellant had a pre-existing duty to pay the amounts provided for in the alleged amendment to the lease agreement. Therefore, the Appellant did not provide any new consideration and the amendment fails as a legally enforceable contract due to the absence of new consideration.

24. Without the enforceability of the amendment, it is impossible to determine if the Appellee or the Appellant breached the lease agreement, or which party breached first.

25. In addition, if the amendment to the lease agreement is deemed to fail due to the lack of consideration, then the court's ruling that the amendment language stating that are prior disputes between the parties are settled is in error.

**Point of Error 4: The court erred in not ruling that the Appellee had committed fraud by presented business records to the court that the Appellee testified were inaccurate and were used to commit fraud on the Appellant**

26. The Appellee testified that the business records it offered to the court as exhibits were authentic when in fact the Appellee knew the exhibits were in fact inaccurate. Appellee attorney stated that Appellee Exhibit D3, when the court raised a question concerning the exhibit, was "… a mistake in our accounting and I will say that up front." [Transcript page 69, lines 14-16]

27. Appellee then moves to admit Appellee Exhibit D3 knowing that this document was not accurate. [Transcript page 80, lines 7-9]

28. Appellee then states that the admitted "Defendant Exhibit No. 3 is a tenant payment list showing your [Appellant] payment history for 2010 and 2011.

29. Appellee also testifies that the document entered as Appellee Exhibit D3 was the Tenant Payment List for 2008-2009 and 2010-2011 [Transcript page 120, lines 10-19]

30. The court then clarifies the nature of the exhibit as the Tenant Payment List for 2008, 2009, 2010 and 2011 [Transcript page 121, lines 4-7]

31. Appellee then testifies that "There are some inaccuracies in this piece of paper right here (Appellee Exhibit D3)."

32. In addition, the Appellee states that "I don't know the answer to that" when asked if he knew whether these documents were given to Ms. Dupree to support the fact that she had not paid rent. [Transcript page 122, lines 18-20]

33.    The Appellee also testifies that the Tenant Payment List admitted as Exhibit D3 does not show a credit to Ms. Dupree's account in the amount of the promissory note. [Transcript page 124, lines 6-10]

34.    Accordingly, Appellee has provided no evidence that it provided the Appellant with any notice of the breach for failure to make payments, while holding checks tendered to the Appellee by the Appellant; or the Appellee provided the Appellant with notice of the breach for failure to make payments with a notice, by the Appellee own admission that state that "There are some inaccuracies in this piece of paper right here (Appellee Exhibit D3)."

35.    The Appellee testified that it knew that the business records were inaccurate when they were offered for admission and were offered to deceive the court.

36.    The exhibits should not have been admitted because they were offered based on fraud.

37.    The Appellee and the Appellee attorney were aware of the fraud and should be sanctioned by having the exhibits stricken from the trial court record and

the Appellee and the Appellee attorney should be held in contempt of court for participating in the fraud.

## CONCLUSION AND PRAYER

For these reasons, Appellant asks the Court to remand the case back to the trial court and order the trial court to reverse its ruling on the issues presented herein, to award the Appellant – Plaintiff attorney fees and court costs.

Timothy L. Williams, MBA, JD
TBN: 00791938
TL Williams & Associates
11811 North Freeway, Suite 212
Houston, Texas 77060
713.504.1882 – Office
twilliams.nhcs@yahoo.com – email
Attorney for Appellant, Llyasah Dupree
d/b/a 360 Degree Beauty Academy

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the Appellant's Appellant's Brief was sent to the Appellee, Boniuk Interest, Ltd, by and through its attorney of record, Debra Boniuk, Boniuk Interest, Ltd, 3720 San Jacinto Street, Houston,

Texas 77004 via United States Certified Mail, Return Receipt Requested on the 25th day of February, 2015.

_____
Timothy L. Williams, MBA, JD

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9 of the Texas Rules of Appellate Procedure, this document is formatted in typeface of 14 – point and the computer generated word count for the document is 3,300.

_____
Timothy L. Williams, MBA, JD

EXHIBIT 1 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

$\cancel{\not{P}}$
$\cancel{FFCLO}$

CAUSE NO 2013-40231

| | | |
|---|---|---|
| LLYASAH DUPREE d/b/a<br>360 Degree Beauty Academy,<br>Plaintiff/Counter-defendant<br>vs<br><br>BONIUK INTERESTS, LTD,<br>Defendant/Counter-plaintiff | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br>HARRIS COUNTY, TEXAS<br><br>11TH JUDICIAL COURT |

**FILED**
Chris Daniel
District Clerk

AUG 15 2014
Time _____ 4 34pm
Harris County, Texas
By _____
Deputy

~~DEFENDANT/COUNTER-PLAINTIFF'S PROPOSED~~ FINDINGS OF FACT
AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW, Plaintiff, BONIUK INTERESTS, LTD, and requests the Court to enter the following Findings of Fact and Conclusions of Law for the above referenced and numbered cause of action

**Proposed Findings of Fact**

1    Boniuk Interests, Ltd (Landlord) and Llyasah M Dupree (Tenant) entered into a written lease agreement on September 30, 2007, whereby counter-plaintiff, Landlord, leased real property (approximately 10,000 square feet) located in a commercial shopping center (4815 Highway 6 North, Houston, Harris County, Texas – the Premises) to counter-defendant, Tenant, for use as a beauty cosmetology school and related activities

2    The lease was for an eighty-four (84) month initial term commencing on January 28, 2008

3    Tenant promised to pay the minimum rent under the Lease, which was $700 00 per month (months 1 – 3), $1,400 per month (months 4 – 7), $5,000 per month (months 8 – 24), and $6,000 00 per month (months 25 – 84)  In addition, the Tenant agreed to pay the additional charges for Common Area Maintenance, taxes and insurance, and water/sewer adding an additional $1,323 00 per month beginning

RECORDER S MEMORANDUM
This instrument is of poor quality
at the time of imaging

in month 8, resulting in a total gross rent obligation of $6,323 per month (months 8 – 24), and $7,323 00 per month (months 25 – 84)

4 The Lease was amended on September 26, 2008

5 Tenant entered into possession of the premises, and, despite landlord's full performance of all obligations and conditions of the lease, tenant failed to pay the rent pursuant to the terms of the lease

6 Dupree struggled to pay the rental payments at various times during the time period she occupied the premises

7 During December 2009, Dupree requested that she start the new year (2010) with a zero ($0) balance so that the business debt-to-income ratio would look better for the government auditors  Thus, on or about December 18, 2009, Llyasah M  Dupree executed and delivered to Boniuk Interests, Ltd  a promissory note dated December 18, 2009, whereby Llyasah Dupree promised to pay to the order of Boniuk Interests, Ltd  the sum of $21,499 00

8 Tenant breached the lease by failing to pay rent due and continued in default despite Landlord giving Llyasah Dupree notice of default

9 On or about March 10, 2011, Landlord exercised it rights pursuant to the Lease Agreement (Section 19) and the Texas Property Code (section 93 002) to change the locks on the Premises for failure to pay rent due  Llyasah M  Dupree did not pay her rental arrears to re-enter the premises

10 On March 22, 2011, Llyasah Dupree filed a Writ of Re-entry with a Tenant's Sworn Complaint in the Justice of the Peace Court, Precinct 5, Place 2, case number EV52C0309272  A hearing was held on March 24, 2011 @ 4 00 p m  at which time judgment was entered in favor of the landlord confirming that the lockout was lawful

11. On March 23, 2011, Llyasah Dupree hired a locksmith to change the locks on the lease space and illegally allowed herself access to the space removing inventory, equipment, furniture and fixtures upon which a valid lien had existed

12. Landlord commenced efforts to re-let the premises immediately On July 1, 2011, Boniuk Interests, Ltd contracted with a third party to lease the premises at 4815 Highway 6 North, Houston, Harris County, Texas The rent commencement date under the terms of this new lease was November 4, 2011

13. Plaintiff/counter-defendant defaulted in failing to pay her rental payments when due

14. The Lease has been breached the lease by failure to pay rent due under the terms of the lease

15. Counter-plaintiff has requested counter-defendant to pay counter-plaintiff those sums due and owing to counter-plaintiff

16. On or about March 28, 2011, counter-plaintiff presented a claim on the Lease to counter-defendant for payment The claim was made by letter received by counter-defendant on March 30, 2011 via certified mail, RRR (7011 0110 0000 4181 9822), demanding payment of past due rent

17. Again on July 19, 2013, counter-plaintiff presented a claim on the Lease to counter-defendant through her attorney of record for payment The claim was made by letter received by counter-defendant on July 19, 2013 via facsimile transmission and on July 24, 2013 via certified mail, RRR (7011 0110 0000 4181 8665), demanding payment of past due rent in the amount of 91,168 00

18. Counter-defendant has failed to pay said account to counter-plaintiff

19. That the correct balance due to counter-plaintiff for rental payments in this lawsuit is $91,168 00

20. On or about December 18, 2009, at Houston, Texas, Llyasah M Dupree (Borrower) executed and delivered to Boniuk Interests, Ltd (Lender) a promissory note dated December 18, 2009, whereby Llyasah Dupree promised to pay to the order of Boniuk Interests, Ltd the sum of $21,499 00, due and

payable in equal monthly installments of $440 00 from February 1, 2010 through February 1, 2015 at Houston, Texas

21 Said note bears interest from February 1, 2010 at the rate of eight percent (8%) per annum until maturity and from maturity until paid at the rate of fifteen percent (15%) per annum Boniuk Interests, Ltd , as the legal owner and holder of such note, is the entity entitled to enforce it

22 Llyasah Dupree made only one payment towards the note, $1,452 00 on June 10, 2010 Despite Lender's demand for payment from Llyasah Dupree after the note became due and payable, Llyasah Dupree made only one payment towards the note, $1,452 00 on June 10, 2010

23 Plaintiff/counter-defendant defaulted in failing to pay her note payments when due

24 The Note has been breached by failure to pay payment obligations due under the terms of the note

25 Counter-plaintiff has requested counter-defendant to pay counter-plaintiff those sums due and owing to counter-plaintiff

26 On or about January 11, 2011, Lender sent notice of default and intent to accelerate to Llyasah Dupree On or about March 28, 2011, Lender accelerated the maturity of the note and demanded payment of the note in full by Llyasah Dupree, but no additional payments have been made Finally, on or about July 19, 2013, Boniuk Interests, Ltd sent demand for payment of the note in the amount $28,497 45

27 Counter-defendant has failed to pay said account to counter-plaintiff

28 That the correct balance due to counter-plaintiff for note payments in this lawsuit is $28,497 45

29  In January, 2008, during the build-out but prior to tenant occupying the premises, the premises were damaged during a storm from a roof failure that allowed rainwater to flood the premises   This delayed tenant's occupancy of the premises and damaged some of tenant's personal property

30  The September 26, 2008 lease amendment abated the rent for the months of September, October and November, 2008   It also deferred $3000 per month of rent for the months of December, 2008 through March, 2009, with the agreement that tenant would pay these deferred amounts in increments of  $500 per month for 24 months beginning October, 2009   This amendment also included a mutual release of all claims between the parties existing at the time of the amendment

## Proposed Conclusions of Law

1. The Lease has been breached for failure to pay rents due to Landlord pursuant to the terms of the Lease Agreement. Counter-defendant defaulted under the Lease by failing to pay the rent due.

2. The unpaid balance due from counter-defendant to counter-plaintiff is $91,168.00

3. Counter-plaintiff has satisfied all conditions precedent to complete performance of the Lease and has fully performed its obligations under the lease. Counter-plaintiff is entitled to recover all damages owed under the Lease and/or permitted by law. Counter-plaintiff is also entitled to recover prejudgment and post-judgment interest as provided in the Lease and/or permitted by law, attorney's fees and court costs.

4. The Note has been breached for failure to pay principal and interest due to Lender pursuant to the terms of the Promissory Note. Counter-defendant defaulted under the Note by failing to pay the installments due.

5. The unpaid balance due from counter-defendant to counter-plaintiff under the terms of the Note is $28,497.45

6. Counter-plaintiff has satisfied all conditions precedent to complete performance of the Promissory Note and has fully performed its obligations under the note. Counter-plaintiff is entitled to recover all damages owed under the Note and/or permitted by law. Counter-plaintiff is also entitled to recover prejudgment and post-judgment interest as provided in the Note and/or permitted by law, attorney's fees and court costs.

7. As a result of counter-defendant's failure and refusal to pay the claims, counter-plaintiff has been required to retain the undersigned legal counsel to defend this cause of action and prosecute this counterclaim. Counter-plaintiff is, therefore, entitled to recover the additional

sum of $15,000 as compensation for its attorney's fees, which sum is a reasonable fee for the services rendered in instituting and prosecuting this action

8  The September 26, 2008 lease amendment released tenant's claims against landlord stemming from the water intrusion event in January, 2008

9  The statute of limitations barred tenant's claims stemming from the January, 2008 water intrusion event

10  Plaintiff Liyash Dupree failed to prove the following causes of action alleged in Plaintiff's Original Petition  breach of lease, wrongful eviction, retaliatory eviction, unjust enrichment ["Reimbursement"], fraud and violation of the Texas Deceptive Trade Practices Act

11  Plaintiff Liyash Dupree dba 360 Degree Beauty Academy is entitled to no recovery against Defendant on any of her claims

Signed this 15 day of August, 2014

Mike Miller Judge Presiding

STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this



CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Deputy

EXHIBIT 2 – FINAL JUDGMENT

CAUSE NO. 2013-40231

| | | |
|---|---|---|
| LLYASAH DUPREE d/b/a | § | IN THE DISTRICT COURT OF |
| 360 Degree Beauty Academy, | § | |
| Plaintiff/Counter-defendant | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| BONIUK INTERESTS, LTD, | § | |
| Defendant/Counter-plaintiff | § | 11TH JUDICIAL COURT |

FINAL JUDGMENT

On July 22, 2014, the Court called this case for trial. Boniuk Interests, Ltd. (Taxpayer

I.D. #76-0457058), hereinafter referred to as defendant/counter-plaintiff, appeared by and

through its attorney of record and announced ready for trial. Llyasah Dupree, hereinafter

referred to as plaintiff/counter-defendant, appeared by and through her attorney of record and

announced ready for trial. All matters in controversy, factual and legal, were heard by the court.

The court heard the evidence presented by both parties. The Court, after hearing the evidence

and argument of counsel, rendered judgment for Boniuk Interests, Ltd., the defendant/counter-

plaintiff, and against Llyasah Dupree, the plaintiff/counter-defendant, in all respects.

Accordingly, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that

Llyasah Dupree, plaintiff/counter-defendant, take nothing from Boniuk Interests, Ltd,

defendant/counter-plaintiff.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment be entered

in favor of Boniuk Interests, Ltd., defendant/counter-plaintiff, based on its counter-claim, as

follows:

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

1)    The Court orders that Boniuk Interests, Ltd., defendant/counter-plaintiff, recover from Llyasah Dupree, plaintiff/counter-defendant, the sum of ONE HUNDRED NINETEEN THOUSAND SIX HUNDRED SIXTY-FIVE AND 45/100 DOLLARS ($119,665.45), plus prejudgment interest on the sum of $119,664.45 at the annual rate of ~~six~~ *Five x 5* percent (~~6~~*5*%) per annum beginning July 19, 2013 through July ~~22~~ *25*, 2014 ~~(the date of judgment) in the amount of SEVEN THOUSAND ONE HUNDRED SEVENTY-NINE AND 93/100 DOLLARS ($7,179.93) for a total of ONE HUNDRED TWENTY-SIX THOUSAND EIGHT HUNDRED FORTY-FIVE AND 38/100 DOLLARS ($126,845.38) as of July 22, 2014,~~ and post-judgment interest on the total sum of ~~ONE HUNDRED NINETEEN THOUSAND SIX HUNDRED SIXTY-FIVE AND 45/100 DOLLARS ($119,665.45)~~ at the annual rate of ~~six~~ *Five 5* percent (~~6~~*5*%) per annum from the date of signing as set forth below until this judgment has been paid in full.

2)    The Court further orders that Boniuk Interests, Ltd., defendant/counter-plaintiff, recover from Llyasah Dupree, plaintiff/counter-defendant, an additional sum of FIFTEEN THOUSAND AND 00/100 DOLLARS ($15,000.00) as attorneys' fees.

3)    The Court further orders that Boniuk Interests, Ltd., defendant/counter-plaintiff, recover from Llyasah Dupree, plaintiff/counter-defendant, all taxable court costs.

4)    The Court orders execution to issue for this judgment.

5)    The Court denies all relief not granted in this judgment.

JUL 2 5 2014

Signed this _____ day of ___ **JUL 2 5 2014** ___, 2014.

_____
JUDGE PRESIDING

APPROVED AS TO FORM AND SUBSTANCE:

Debra Boniuk
Attorney at Law
3720 San Jacinto
Houston, Texas 77004
(713) 984-8300
(713) 984-9399 Facsimile


*Debra Boniuk*
_____
Debra Boniuk
TBN 17500280

ATTORNEY FOR DEFENDANT/COUNTER-PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this ___24(th)___ day of July 2014, a true and correct copy of the foregoing Final Judgment was sent by Certified Mail, Return Receipt Requested or facsimile transaction or regular mail or hand delivery, to the following party and/or counsel of record:

Timothy L. Williams
TL Williams & Associates
11811 North Freeway, Suite 212
Houston, Texas 77060

Via FACSIMILE TRANSMISSION at (281) 447-1801 *number disconnected DB*
And via certified mail, RRR 7010 1870 0001 8339 7014

*Debra Boniuk*
_____
Debra Boniuk

Unofficial Copy Office of Chris Daniel District Clerk